

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 1, 2022

**BY E-MAIL**

The Honorable Jesse M. Furman/Victor Marrero
United States District Judges
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. Edwin Alvarado Segura*, 22 Cr. 552 (JMF)

Dear Judge Furman and Judge Marrero:

The Government respectfully submits this letter in support of its bail appeal in the above-captioned matter. The defendant is a leader of a drug trafficking organization that, from at least in or about June 2020 through at least in or about July 2022, shipped multi-kilogram quantities of fentanyl and other narcotics through the U.S. Postal Service to addresses in the Bronx and Manhattan. Law enforcement agents seized over half a million dollars in narcotics shipped in connection with this scheme. The defendant worked with his younger brother and other coconspirators to direct the delivery and pickup of packages containing kilogram quantities of fentanyl and other narcotics.

The defendant also has significant ties abroad. He is a citizen of the Dominican Republic; he recently returned from a several-months' long visit to the Dominican Republic—from approximately August 2022 until returning on or about November 16, 2022. He has also frequently traveled to Mexico, apparently to Culiacan in the Sinaloa region, where he visited an uncle who law enforcement believes is the defendant's source of supply for narcotics. Given the charges and the circumstances here, there is no set of bail conditions that can reasonably assure the defendant's appearance in court and the safety of the community. For the reasons set forth below, the Court should order the defendant detained pending trial.

I.    **Background**

A.  **Offense Conduct**

The defendant is charged in a one-count indictment (the "Indictment") with participating in a narcotics conspiracy to distribute and possess with intent to distribute 400 grams and more of mixtures and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

December 1, 2022
Page 2

 The defendant is a member of a drug trafficking organization (the "DTO") that, from at least in or about June 2020 through at least in or about June 2022, has been using the United States Postal Service ("USPS") to ship multi-kilogram quantities of fentanyl from California to the Bronx, and elsewhere.

 Law enforcement identified the DTO based on common characteristics in the USPS parcels (the "Suspect Parcels"), including that they were (i) sent from California; (ii) sent to one of several addresses in the New York City area, including but not limited to several particular addresses, including addresses on Morris Avenue, Davis Avenue, and 179th Street in Manhattan, New York (the "Morris Avenue Address," "Davis Avenue Address," and "179th Street Address," respectively); (iii) sent by United States Priority Mail ("USPM") or Priority Mail Express; (iv) the names listed for the senders of the Suspect Parcels are not associated with the addresses listed for the senders of the Suspect Parcels; (v) paid for in cash; and (vi) the address information is handwritten.

 Between in or about June 2020 and in or about November 2021, approximately 32 Suspect Parcels were sent to the Morris Avenue Address; between in or about May 2020 to in or about November 2021, approximately 23 Suspect Parcels were sent to the Davis Avenue Address; and between in or about November 2021 to in or about December 2021, approximately four Suspect Parcels were sent to the 179th Street Address. Law enforcement searched approximately 11 of the Suspect Parcels and recovered approximately 13 kilograms of fentanyl, 1 kilogram of heroin, and 6 kilograms of cocaine.

 With respect to the defendant, an IP address registered to the defendant for his apartment in Manhattan was used to track: (i) parcels sent to New York addresses identified in this case, including at least two parcels in November 2021 and December 2021 seized by law enforcement that each contained approximately 2 kilograms of fentanyl; and (ii) a parcel shipped by co-defendant Freddy Espinal to California that was seized by law enforcement in May 2022 and contained approximately $15,000 hidden in children's toys. A phone number subscribed to the defendant called USPS on or about December 17, 2021 to track one of the parcels suspected of containing narcotics. Two of the Suspect Parcels were delivered to the defendant's address at 190th Street in Manhattan. In or about March 2022, law enforcement officers conducting surveillance observed the defendant pick up a package with from California delivered to a restaurant with his brother and co-defendant Edward Alvarado.

 Finally, a search warrant executed on the defendant's iCloud account revealed: (i) pictures of USPS receipts for at least four different suspect parcels, including one box law enforcement seized that contained 2 kilograms of fentanyl; (ii) pictures of large quantities of U.S. currency and money remitter receipts to Mexico and the Dominican Republic; (iii) pictures of the 179th Street Address and other addresses where suspect parcels were delivered, including Uber/Lyft receipts; (iv) a WhatsApp conversation with a Mexican phone number that includes a picture of a receipt for a package shipped by Espinal to California in April 2021 suspected to contain narcotics proceeds; (v) WhatsApp voice memos between the Alvarado brothers, wherein the brothers discuss picking up packages, getting product from "El Lento," and "Tell him to sample it and then we'll talk about price, I can make it work"; and (vi) photographs of firearms.

December 1, 2022
Page 3

### B.  Prior Proceedings

Following his arrest on the instant charges, on November 29, 2022, the defendant was presented before Magistrate Judge Stewart D. Aaron. The Government sought detention on the ground that no condition or combination of conditions could reasonably assure the community's safety or the defendant's appearance in court. After hearing arguments, Judge Aaron declined to detain the defendant, and instead imposed a $50,000 bond to be signed by two financially responsible persons, strict pretrial supervision, and home detention with electronic monitoring as conditions of release.

The defendant's cosigners have been interviewed and approved by the Government.  He remains detained pending this appeal.

## II.   Applicable Law

The Bail Reform Act provides that there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" in cases involving "an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). In a presumption case, such as this one, a defendant "bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Once a defendant has met that burden, the presumption "does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* Even in a presumption case, the Government retains the "burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community." *Id.*

In assessing whether detention is appropriate, a court must consider (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)–(4).

"A district court reviews a magistrate judge's decision to release or detain a defendant de novo." *United States v. Rivera*, No. 20-CR-304 (AJN), 2020 WL 4383505, at *2 (S.D.N.Y. July 31, 2020) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

## III.   Analysis

Each of the statutory factors weighs in favor of detention. First, the defendant is charged with trafficking in multi-kilogram quantities of fentanyl and other narcotics. The charges here carry a 10-year mandatory minimum sentence, and, given the Government's view that the defendant had a leadership/management role in the DTO, the Government does not believe he will

December 1, 2022
Page 4

not be eligible for safety valve relief under 18 U.S.C. § 3553(f).

    Second, the weight of the evidence against the defendant with respect to the charged crimes is strong. Between the seizures of narcotics, the surveillance video showing the defendant picking up Suspect Parcels, the records showing the defendant tracking seized packages, and the evidence from the defendant's iCloud account showing that was directing the management of the DTO in New York, the Government believes that it is clear that the defendant was a knowing participant in this narcotics conspiracy.

    Third, given the defendant's significant ties abroad, the risk of flight here is substantial. The defendant just returned from a several-months' long trip to the Dominican Republic from August through November 2022, where he is a citizen and where his mother lives. He has traveled to Mexico several times, in March 2021, December 2021, and May to June 2022, including visiting to the Sinaloa region of Mexico, a region known for its narcotics trafficking activity, and where his uncle apparently lives. Indeed, while the defendant was in Mexico from May 28 through June 16, 2022, his co-defendant Pedro Ornelas, who was shipping the fentanyl from California to New York, twice entered Mexico by car on May 31, 2022 and June 14, 2022, including in a vehicle that the defendant and his co-conspirators shipped from New York to Ornelas in California.

    While the defendant is to be released on electronic monitoring, bracelets can be cut, as the Court knows. Given the substantial penalties the defendant faces and the strength of the evidence against him, he has every incentive to flee. Indeed, co-defendant Ornelas, who shipped the fentanyl from California to New York, has twice evaded arrest by federal law enforcement agencies in the past three weeks, including by slipping out a back window while law enforcement agents moved in to effectuate the arrest. The Government believes that, if given the opportunity to run, this defendant will flee.

    Fourth, the defendant poses a significant danger to the community if released. As the Court knows, fentanyl is an extraordinarily deadly drug. The massive amounts of narcotics shipped and seized here amount to likely millions of potentially deadly doses. And, given the use of the mails here, there is no reason to believe that the trafficking will stop just because the defendant is on home detention. The defendant continued engaging in narcotics trafficking even after federal law enforcement agents in an unrelated investigation arrested his father on or about June 14, 2022 and searched the apartment where the defendant lived with his father and brother, during which law enforcement seized over $500,000 from the defendant's father and recovered approximately 500 grams of fentanyl from the apartment. No level of location monitoring could ensure that he would not continue to distribute narcotics or arrange for the distribution of narcotics out of his residence.

    In addition, the defendant's iCloud account included photographs of several different handguns, including one loaded with an extended magazine, and a screenshot of a Facebook post advertising a gun for sale:

4

December 1, 2022
Page 5



While no guns were recovered in connection with this investigation and these guns may have been in the Dominican Republic or Mexico, the defendant's interest in firearms poses an additional potential danger to the community if the defendant were released.

December 1, 2022
Page 6

       Based on the foregoing, the Government respectfully requests that the Court order that the defendant be detained pending trial.

                       Respectfully submitted,

                       DAMIAN WILLIAMS
                       United States Attorney for the
                       Southern District of New York

By:      */s/*                   
            Kaylan Lasky/Matthew R. Shahabian
            Assistant United States Attorneys
            (212) 637-2448