# LAW OFFICES OF JILL R. SHELLOW

Telephone: 212.792.4911 / Fax: 212.792.4946 / jrs@shellowlaw.com
15 Chester Avenue · White Plains · New York · 10601

December 1, 2022

**BY ECF AND EMAIL**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
ChambersNYSDMarrero@nysd.uscourts.gov

  **RE:** *United States v. Edwin Alvarado Segura*, **22-cr-552 (JMF)**

Dear Judges Furman and Marrero:

  On November 29, 2022, Magistrate Judge Stewart D. Aaron appointed me pursuant to the Criminal Justice Act to represent Edwin Alvarado Segura[1] who is charged in a one count indictment alleging that he participated in a conspiracy to distribute more than 400 grams of fentanyl in violation of 18 U.S.C. §§ 846, 841(b)(1)(A). Following an interview and after assessing the risks of non-appearance and danger to the community, Pretrial Services (PTS) recommended that Edwin be released on a bond signed by two financially responsible persons (FRPs). Pretrial also recommended:

1. Pretrial Services Supervision
2. Surrender all passports/travel documents and make no new application
3. Travel restricted to SDNY/EDNY
4. Obtain/maintain verifiable employment
5. Submit to initial urinalysis, if positive add drug testing and treatment

---

[1] The indictment names six co-defendants, including Edwin Alvarado Segura and his brother, Edward Alvarado Segura. To avoid confusion, I will refer to Edwin and Edward by their first names.

Admitted: NY, CT, DC

    6.  No contact with victims, witnesses or codefendants unless in the presence of counsel, noting that Edwin could have contact with Edward because they live together.

I asked for bail for Edwin, and the Government sought detention. The parties argued their respective positions. Judge Aaron found that we had rebutted the presumption against bail and that there were conditions which could reasonably assure the safety of the community and that Edwin would return to court as required. Judge Aaron imposed a $50,000 bond to be co-signed by two FRPs, strict pretrial supervision and ordered that Edwin be held until all conditions were met. (Judge Aaron also adopted the PTS' other recommended conditions.) The United States Attorney's office interviewed two potential FRPs and deemed them to be appropriate. After both had sworn to the bond, the Government took this appeal.

    The Government's submission accurately describes the provisions of the Bail Reform Act. We differ on the assessment of the statutory factors that the Court is required to consider when considering whether there are conditions that can be imposed which will assure Edwin's appearance in court and provide safety for the community.

    The Government's analysis focuses on the alleged conduct and the evidence, but gives short shrift to Edwin's history and characteristics.

    Edwin is 23 years old and does not have a criminal record. He was born in Santo Domingo, graduated from high school and came to the United States in 2017 with his father and brother. He has legal status – he is a lawful permanent resident, *i.e.*, he has a green card. Edwin is single and does not have any children. He lives with his father and Edward on 190th Street in Washington Heights. Edwin worked as a chef from 2018 – 2021, and for the last nine months he has been driving for Uber Eats.

    Edwin's mother still lives in the Dominican Republic where he has other relatives and a girlfriend. He is in close contact with his mother and tries to see her whenever he can. The distance between them has been hard for him.

    The Government has been investigating Edwin, his brother and others for about a year and was able to gather historical evidence going back to 2020. The Government describes 59 suspicious packages. While the Government's letter is not a model of clarity, it appears to allege that Edwin was specifically associated with five of the packages (although there may be some double counting). The government also describes information seized from Edwin's iCloud account, but significantly does not source much of the evidence it describes. For example, the government states that the iCloud account contained "pictures of large quantities of US currency." Government letter, Dec. 1, 2022 ("Govt. letter") at 2. The Government carefully does not allege that Edwin was the photographer, was present when the photo was taken, or that the photo is related at all to the charged conduct. The

Government attaches particular significance to money remitter receipts to Mexico and the Dominican Republic and Uber/Lyft receipts. By association the Government seems to allege that these receipts are evidence of illegal conduct, but without more they are just receipts for legal transactions. Similarly, photographs of firearms mean nothing. Firearms are legal in many places including New York and the Dominican Republic. The Government alleges that surveillance shows Edwin picking up "suspect parcels" and "tracking seized packages." From this the Government alleges that Edwin is a manager in this drug conspiracy – when the role described sounds more like a dispatcher.

The Government asserts that Edwin is a risk of flight because he has spent significant time with his mother in the Dominican Republic and made four trips to Mexico in the last few years. The agents seized Edwin's passport, his green card and all of his New York identification. This is not an identity theft prosecution. There is no suggestion that Edwin has any contact with people who could provide him with documents to leave the country. Moreover, merely because a codefendant has evaded arrest, does not mean that Edwin is a risk of flight.

The focus of the Government's argument on dangerousness is on the deadly characteristics of fentanyl. The dangerousness of the narcotics is addressed by the presumption. Safety of the community is commonly understood to mean protecting the community from someone who would commit violence. Acknowledging this, the Government states that "the defendant's interest in firearms poses an additional potential danger to the community." Govt letter at 5. An interest in firearms is not dangerous. Finally, the Government's letter includes five photographs of guns supposedly on Edwin's iCloud account, but hastens to add "no guns were recovered in connection with this investigation and these guns may have been in the Dominical Republic or Mexico." *Id.* The photographs are misleading. They have no bearing on a determination of dangerousness. They have no significance whatsoever.

In sum, while the Government's allegations are serious, we have satisfied our burden and have rebutted the presumption. Judge Aaron determined that there are conditions that can reasonably assure that Edwin will return to court when required and that he is not a danger to the community, and we urge Your Honor to affirm his decision.

                                          Respectfully submitted,

                                          Jill R. Shellow